UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Paul H. Legrand,                                :
                                                :
                  Plaintiff,          :        **ANSWER**
      v.                                        :
                                                :        Case No.:  07 CV 3918 (MGC)
Barclays Capital, Inc.,                         :
                                                :
                  Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendant Barclays Capital, Inc. ("Barclays Capital"), by its undersigned attorneys, for its answer to the complaint ("complaint") of plaintiff Paul H. Legrand ("Legrand" or "plaintiff"), herein states, upon knowledge as to itself and its conduct and upon information and belief as to all other matters, the following:

        1.    Admits that plaintiff was employed by Barclays Capital in its Rate Sales Department beginning on March 6, 2000 and was terminated effective June 19, 2006, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 of the complaint.

        2.    Admits the allegations of Paragraph 2 of the complaint.

        3.    Admits that plaintiff purports to assert claims under the laws referred to, but otherwise denies the allegations of the Second Paragraph 2 of the complaint.[1]

        4.    States that Paragraph 3 of the complaint asserts a legal conclusion not requiring response.

        5.    Admits the allegations of Paragraph 4 of the complaint.

---

[1]    Plaintiff's complaint contains two paragraphs numbered "2".  This answer responds to these identically numbered paragraphs in the order they appear in the complaint.

6. States that Paragraph 5 of the complaint asserts a legal conclusion not requiring response.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the complaint, but states that the allegations are consistent with information plaintiff provided Barclays during his employment.

8. Admits the allegations of Paragraph 7.

9. Refers to plaintiff's annual reviews for the contents thereof and otherwise denies the allegations of Paragraph 8 of the complaint.

10. Admits the allegations of Paragraph 9 of the complaint.

11. Admits that Mr. Aronson, Managing Director in Rate Sales, met with plaintiff on March 6, 2006 and advised plaintiff that there would be a reorganization of the Rate Sales Department involving the transfer of accounts among salespeople within the Rate Sales Department, as part of which Barclays Capital's coverage of the four accounts referred to would change, and otherwise denies the allegations of paragraph 10.

12. Denies plaintiff's allegation as to what he "relayed" to Mr. Aronson and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11 of the complaint.

13. Admits that Mr. Aronson met with plaintiff on March 10, 2006 and confirmed that the account coverage changes discussed with plaintiff on March 6, 2006 would go forward, and otherwise denies the allegations of paragraph 12 of the complaint.

14. Admits that plaintiff's production for 2005 was approximately $13 million, and otherwise denies the allegations of Paragraph 13 of the complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the complaint.

16. Admits that responsibility for covering Barclays Capital's clients has been changed from time to time, including the coverage responsibilities assigned to plaintiff, and otherwise denies the allegations of Paragraph 15 of the complaint.

17. Admits that plaintiff met with Mr. Stathis on March 29, 2006 concerning the reorganization of the Rate Sales Department, that plaintiff raised questions during the meeting about his compensation, and that during the meeting plaintiff suggested that changes in coverage of accounts for which he had had responsibility might be related to his age, which Stathis denied, and otherwise denies the allegations of Paragraph 16.

18. Admits that Mr. Stathis met with plaintiff on March 29, 2006, that Stathis told plaintiff he would not be penalized as a result of the changes in account coverage, and that plaintiff's total compensation for the years 2004 and 2005 was $670,000 and $600,000, respectively, and otherwise denies the allegations of Paragraph 17.

19. Admits that plaintiff met with Stathis on March 29, 2006 and suggested to Stathis that he believed account coverage decisions might be related to his age, which Stathis denied, and otherwise denies the allegations of Paragraph 18.

20. Admits that plaintiff met with Mr. Stathis on March 29, 2006 and otherwise denies the allegations of Paragraph 19 of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of plaintiff's allegations concerning client visits, and otherwise denies the allegations of Paragraph 20 of the complaint.

22. Admits that Mr. Aronson told plaintiff on April 6, 2006 that Mr. Zafar's group would cover Barclays Capital's derivatives business with JPMorgan Chase and that plaintiff would cover the cash business with that client, and otherwise denies the allegations of Paragraph 21 of the complaint.

23. Admits that plaintiff met with Aronson and Zafar on April 6, 2006, and that during the meeting plaintiff asked why he was not being transferred to Zafar's group, and otherwise denies the allegations of Paragraph 22 of the complaint.

24. Admits that Blaine Bortnick of Liddle & Robinson, LLP (counsel for plaintiff) contacted Jamie Garstad at Barclays Capital on or about April 13, 2006 and suggested that plaintiff might bring an age discrimination claim, and otherwise denies the allegations of Paragraph 23 of the complaint.

25. Admits that plaintiff met with Mr. Aronson on April 17, 2006 and otherwise denies the allegations of Paragraph 24 of the complaint.

26. Admits that Ms. Garstad and Mr. Aronson met with plaintiff on April 18, 2006 and advised plaintiff that his employment was being terminated, and otherwise denies the allegations of Paragraph 25 of the complaint.

27. Admits the allegations of Paragraph 26 of the complaint.

28. Repeats and realleges each and every response set forth in Paragraphs 1 through 27 as if fully set forth herein.

29. States that Paragraph 28 of the complaint asserts a legal conclusion not requiring response.

30. States that Paragraph 29 of the complaint asserts a legal conclusion not requiring response.

31. Denies the allegations of Paragraph 30 of the complaint.

32. Denies the allegations of Paragraph 31 of the complaint.

33. Repeats and realleges each and every response set forth in Paragraphs 1 through 27 as if fully set forth herein.

34. States that Paragraph 33 of the complaint asserts a legal conclusion not requiring response.

35. States that Paragraph 34 of the complaint asserts a legal conclusion not requiring response.

36. Denies the allegations of Paragraph 35 of the complaint.

37. Denies the allegations of Paragraph 36 of the complaint.

38. Barclays Capital repeats and realleges each and every response set forth in Paragraphs 1 through 27 as if fully set forth herein.

39. States that Paragraph 38 of the complaint asserts a legal conclusion not requiring response.

40. States that Paragraph 39 of the complaint asserts a legal conclusion not requiring response.

41. Denies the allegations of Paragraph 40 of the complaint.

42. Denies the allegations of Paragraph 41 of the complaint.

43. Denies the allegations of Paragraph 42 of the complaint.

44. Denies the allegations of Paragraph 43 of the complaint.

45. Repeats and realleges each and every response set forth in Paragraphs 1 through 27 as if fully set forth herein.

46. States that Paragraph 45 of the complaint asserts a legal conclusion not requiring response.

47. States that Paragraph 46 of the complaint asserts a legal conclusion not requiring response.

48. Denies the allegations of Paragraph 47 of the complaint.

49. Denies the allegations of Paragraph 48 of the complaint.

50. Denies each and every paragraph of plaintiff's prayer for relief in its entirety, and denies that plaintiff is entitled to any relief whatsoever.

51. Denies each and every allegation in the complaint not specifically admitted above.

## FIRST AFFIRMATIVE DEFENSE

52. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, by his failure to mitigate his claimed damages.

## THIRD AFFIRMATIVE DEFENSE

54. Barclays Capital's decisions with respect to plaintiff's employment were made for legitimate, non-discriminatory, non-retaliatory business reasons.

Dated: New York, New York
      July 17, 2007

                                                /s/ Robin D. Fessel
                                                Robin D. Fessel (RF 9194)
                                                Matthew S. Fitzwater (MF8706)
                                                Patrice A. Rouse (PR4138)
                                                SULLIVAN & CROMWELL LLP
                                                125 Broad Street
                                                New York, NY 10004
                                                (212) 558-4000

                                                *Counsel for Defendant Barclays Capital, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of July, 2007, I caused a true and correct copy of the foregoing Defendant's Answer to the Complaint to be served by hand upon:

    Blaine H. Bortnick
    Liddle & Robinson LLP
    800 Third Avenue
    New York, New York 10022

    *Attorneys for Plaintiff*

                                          /s/ Patrice A. Rouse
                                          Patrice A. Rouse (PR4138)