*(Submission)/J*

```
┌──────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #: _____       │
│ DATE FILED: 12 4 07          │
└──────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

Paul H. Legrand,                                  :

                          Plaintiff,              :

            v.                                    :    Case No.:  07 CV 3918 (MGC)

Barclays Capital, Inc.,                           :    **STIPULATED PROTECTIVE ORDER**

                          Defendant.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

To expedite the exchange of Discovery Material in the above-captioned action (the "Action"), to facilitate the prompt resolution of disputes over confidentiality, to protect Discovery Material entitled to be kept confidential, it is, pursuant to the Court's authority under Rule 26(c) of the Federal Rules of Civil Procedure and with the consent of the parties, hereby

**ORDERED:**

1.    Non-disclosure and use of Confidential Discovery Material. Except with the prior written consent of the party or other person originally designating Discovery Material as Confidential, no Confidential Discovery Material, as defined in paragraph 2 of this Order, may be disclosed to any person or used in any manner except as provided herein.

2.    Definitions.

      (a)    "Discovery Material" means any material produced, filed, or served by any party or person during discovery in this Action or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a party or person, and responses to requests for admission.

(b)     "Confidential Discovery Material" means Discovery Material that the party or person believes in good faith contains confidential personal or commercial information which is not generally disclosed to the public by such party or person.  The portions of pleadings, motions, affidavits, briefs, exhibits, and other papers filed with the Court that contain or refer to information contained in Confidential Discovery Material shall be protected as Confidential Discovery Material pursuant to this paragraph 2(b), provided that they are prepared in such a manner that the confidential information is prominently marked "CONFIDENTIAL."

(c)     To the extent any party seeks to use information contained in Discovery Material designated "CONFIDENTIAL" under this subparagraph in the preparation of other documents, such as compilations, it may seek relief from the "CONFIDENTIAL" restrictions set out in this agreement for the confidential portions of that newly prepared document pursuant to the procedures set forth in paragraph 6 below.

3.     Use and Disclosure of Confidential Discovery Material.

Unless otherwise ordered by the Court, Confidential Discovery Material may be used only in connection with the prosecution or defense of this Action (including any appeals).

(a)     Limitations on Disclosure of Confidential Material:  Confidential Discovery Material may be disclosed only:

(1)     to parties in this Action;

(2)     to counsel, including in-house counsel, who are engaged in the conduct of this Action on behalf of named parties;

(3)     to the Court and court officials involved in this Action;

2

(4)   to any person designated by the Court upon such terms as the Court may deem proper;

(5)   to witnesses at deposition, but only to the extent reasonably necessary to examine such witnesses at deposition;

(6)   to witnesses in preparation for deposition, but only to the extent reasonably necessary to prepare such witnesses for deposition;

(7)   to officers, directors, partners, agents, or employees, or other representatives of the parties (on a need to know basis) or their counsel in connection with this Action (to the extent that such persons are not in-house counsel);

(8)   to outside consultants or experts utilized for the purpose of assisting counsel in this Action;

(9)   to the person or entity that produced or originally created the Confidential Discovery Material or any indicated author or recipient of the Confidential Discovery Material;

(b)   <u>Undertaking</u>: Before disclosure of any Confidential Discovery Material is made to any person described in subparagraph 3(a)(8) above, such person shall sign an undertaking in the form attached as Exhibit A to this Order.

4.    Confidential Information in Depositions.

Parties and deponents may (i) designate on the record during the deposition any testimony (and exhibits thereto) as Confidential to the extent that the parties or deponents believe they contain information entitled to that protection (as defined in paragraph 3 above) or (ii) within thirty (30) days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential to the extent that the parties or deponents believe they contain information entitled to that protection (as defined in paragraph 2 above) by designating the portion(s) of the deposition that qualifies as "CONFIDENTIAL" Discovery Material by page and line number, and communicating such designation(s) in writing to all parties. Until the expiration of the 30-day period during which designations may be made, the entire deposition will be treated as subject to protection as Confidential under this Order. If a designation is made, the Confidential portions and exhibits, when filed with the Court, shall be filed under seal pursuant to paragraph 5, separate from the portions and exhibits not so marked. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Confidential shall be afforded the same status. If Discovery Material arguably entitled to protection (as defined in paragraph 2 above) is included in written answers to discovery requests of any kind, such answers or responses shall be marked CONFIDENTIAL.

4

5.    <u>Confidential Discovery Material to be Filed in Court under Seal</u>.

(a)    In the event that counsel for any party determines to file with the Court any pleadings, motions, affidavits, briefs, exhibits or other papers which contain or make reference to Confidential Discovery Material, such papers shall be filed under seal in a sealed envelope labeled with the caption, the title or a description of the document, and a statement substantially in the following form shall be endorsed on the cover:

"<u>CONFIDENTIAL—SUBJECT TO COURT ORDER</u>"

All such materials shall be accepted by the Clerk of the Court for filing without further Court order and shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court.

(b)    Any party filing a document with the Court under seal shall file a copy of such document for public inspection omitting the Confidential Discovery Material that caused the original document to be filed under seal.

(c)    Notwithstanding the provisions of paragraph 5 of this Stipulated Protective Order, any party or person producing Discovery Material may apply to the Court for an order, before or subsequent to the filing of Discovery Material under seal, that such Discovery Material not be filed under seal or that such Discovery Material be available for public inspection in accordance with applicable law.

6.    Declassification of Confidential Discovery Material.

(a)    Application to strike designation:  Any party seeking to challenge another

party's or person's designation of Discovery Material as Confidential may make, in the manner

prescribed by the Federal Rules of Civil Procedure and the Local Rules and Individual Practices

of this Court, a motion or other appropriate application to the Court to strike the designation.

Such motion or application shall identify with specificity the Confidential Discovery Material

that is the subject of the motion, but shall not disclose or reveal the contents of that Discovery

Material except in the manner prescribed by paragraph 5 of this Order.  If such a motion or

application is made, all Discovery Material so designated shall maintain Confidential status

pending a determination by the Court as to its appropriate status.

(b)    Conference Required:  Any party seeking to challenge another party's

designation of Confidential Discovery Material shall, prior to making a motion or application to

strike such designation, contact the party or person that designated the Discovery Material and

make a good faith effort to resolve any dispute concerning the designation by agreement or

stipulation.  A motion or application to strike shall identify the moving party's efforts to comply

with this subsection and shall state that the parties were unable to resolve the dispute concerning

the Confidential designation.

7.    Inadvertent Failure to Designate.

Except as provided in this paragraph, following a party's production or

dissemination of Discovery Material, the inadvertent failure to designate particular Discovery

Material as "CONFIDENTIAL" at the time of production shall not operate to waive a party's or

person's right to later designate such Discovery Material as Confidential.  No party shall be

6

deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, the relevant Discovery Material shall be treated as Confidential in accordance with this Order; provided, however, that if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the party or person that failed to make the designation shall move for appropriate relief. If an inadvertently omitted Confidential designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be used throughout the deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

8.    Inadvertently Produced Privileged Discovery Material.

Inadvertent production of any Discovery Material which a party or non-party later claims in good faith should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Discovery Material") shall be governed by Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

9.    Inadvertent Disclosure

In the event that Confidential Discovery Material is inadvertently disclosed, the disclosing party shall take reasonable steps to correct the error and shall not be held liable for such inadvertent disclosure.

7

10.    Confidential Discovery Material at Trial. No fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in this Action, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of Discovery Material previously designated Confidential at trial. Such proposal shall be submitted to the Court as a part of or contemporaneously with the Joint Pretrial Order. To the extent the parties fail to agree on a proposal addressing the use of such Discovery Material at trial, they may submit alternative proposals to the Court.

11.    Termination. The provisions of this Order shall continue to be binding after final termination of this Action. Within one hundred and twenty (120) days after final conclusion of all aspects of this Action including any appeals, any party or person who received Discovery Material designated for Confidential treatment must, at the option of the receiving party, (i) take commercially reasonable steps to return such Discovery Material to the person or entity that produced such Discovery Material or (ii) certify in writing to counsel to the person or entity that produced such Discovery Material that he or she has taken commercially reasonable steps to destroy (other than counsel's copies of exhibits filed under seal with the Court and counsel's file copies of papers prepared in connection with this Action, e.g., pleadings, court papers and other papers served in this Action) such Discovery Material and the portions of all other material containing such Confidential Discovery Material. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of court papers and other papers served in connection with this Action, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential Discovery Material.

8

12.    Modification Permitted. Nothing herein shall prejudice the right of the parties to stipulate (subject to Court approval), or to move to amend or modify this Order in the interest of justice.

13.    Responsibility of Attorneys. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Discovery Material.

14.    Additional Parties. The terms of this Order shall be binding upon all current and future parties to this Action and their counsel. Within ten (10) days of (i) the entry of an appearance by a new party to this Action, including any new plaintiff, defendant, third-party defendant, or absent class member that elects to appear or to intervene in this Action, or (ii) the transfer of a complaint that arises out of the same facts alleged in the Amended Complaint, plaintiffs' lead counsel shall serve a copy of this Order on such party's counsel.

Dated: November 13, 2007
       New York, New York

**STIPULATED AND AGREED TO BY:**

_____                    _____
Blaine H. Bortnick                           Robin D. Fessel
**LIDDLE & ROBINSON, LLP**                   Matthew S. Fitzwater
800 Third Avenue                             Patrice A. Rouse
New York, New York 10022                     **SULLIVAN & CROMWELL LLP**
Telephone: (212) 687-8500                    125 Broad Street
Facsimile: (212) 751-2540                    New York, New York 10004
                                             Telephone: (212) 558-4000
*Counsel for Plaintiff*                      Facsimile: (212) 558-3588

                                             *Counsel for Defendant*

9

IT IS SO ORDERED: *Subject to modification by the court as the interest of justice requires.*

Miriam Goldman Cedarbaum, U.S.D.J.

DATED: *December 3, 2007*

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Paul H. Legrand,

                  Plaintiff,

        v.                        Case No.:  07 CV 3918 (MGC)

Barclays Capital, Inc.,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## ACKNOWLEDGEMENT AND CONSENT

       I hereby certify that:  (i) I have read the Protective Order governing Confidential Discovery Material (the "Order") that has been entered by the Court in the above-captioned action (the "Action"), and I understand its terms; (ii) I understand that Discovery Material designated as Confidential under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of Discovery Material designated as Confidential under the Order and limiting the use of such Discovery Material to the conduct of this Action; (iv) I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Order.

Dated: _____          Signature: _____